UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUXOTTICA GROUP S.P.A. *and* OAKLEY, INC.,

Plaintiffs,

-v-

LIQIN XIA,

Defendant.

26 Civ. 6378 (PAE)

ORDER
GRANTING MOTION FOR DEFAULT JUDGMENT

PAUL A. ENGELMAYER, District Judge:

On July 27, 2026, plaintiffs filed the Complaint. Dkt. 1. On August 21, 2026, a copy of the Summons and Complaint was served on defendant Liqin Xia by delivery to a person of suitable age and discretion at her dwelling in College Point, New York. Dkt. 10. On August 24, 2026, it was served on defendant by mail. Dkt. 10. Defendant has not answered, moved, or otherwise appeared in this action, and the time to do so has expired. On October 23, 2026, the Clerk of Court entered a Certificate of Default. Dkt. 19.

Before the Court is plaintiffs' motion for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), Local Civil Rule 55.2, and Rule 3.Q of this Court's Individual Rules and Practices in Civil Cases, supported by the Declaration of Steven M. Lucks and its exhibits, the Declaration of Jason D. Groppe and its exhibits, and a memorandum of law. Dkts. 21, 22, 23. The Court, having considered the motion papers and all prior proceedings in this action, finds and concludes as follows:

**Findings of Fact and Conclusions of Law**

A. The Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a), and personal jurisdiction over defendant, who resides in New York and sold the goods at issue in this District.

B. Defendant was properly served with process, has defaulted, and is not a minor, an incompetent person, or in military service.

C. By her default, defendant has admitted the well-pleaded allegations of the Complaint. Those allegations establish that defendant, without plaintiffs' consent, used in commerce counterfeits of plaintiffs' federally registered trademarks in connection with the sale and offering for sale of sunglasses and accessories at her retail store at 259B Canal Street, New York, New York, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and that her infringement was willful.

D. Plaintiffs have elected to recover statutory damages under 15 U.S.C. § 1117(c). The Groppe Declaration and its exhibits establish that the goods defendant sold bore counterfeits of the following registered marks on the following types of goods:

(1) Luxottica Group (6 Ray-Ban Trademarks): U.S. Reg. No. 650,499 (lens); U.S. Reg. No. 1,093,658 (frame and case); U.S. Reg. No. 1,080,886 (frame); U.S. Reg. No. 3,522,603 (frame and lens); U.S. Reg. No. 1,511,615 (lens); and U.S. Reg. No. 2,971,023 (lens); and

(2) Oakley (3 Oakley Trademarks): U.S. Reg. No. 1,984,501 (lens and frame); U.S. Reg. No. 3,331,124 (frame); and U.S. Reg. No. 1,980,039 (frame).

E. Considering the expenses defendant saved and the profits she reaped, the revenues plaintiffs lost, the value of plaintiffs' trademarks, the deterrent effect on defendant and others,

defendant's willfulness, and her failure to cooperate in this action, an award of $150,000 per counterfeit mark per type of good is just. The written record provides a sufficient basis for that award without an evidentiary hearing.

**Judgment**

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiffs' motion for a default judgment is GRANTED, and judgment is entered in favor of plaintiffs and against defendant Liqin Xia on plaintiffs' claim for trademark infringement under 15 U.S.C. § 1114.

2. Pursuant to 15 U.S.C. § 1117(c), plaintiffs are awarded statutory damages against defendant of $150,000 per counterfeit mark per type of good, for 9 counterfeit-mark-per-type-of-good combinations, in the total amount of $1,350,000. Frames, lenses, and cases sold together as a complete pair of eyewear count as one type of good for purposes of awarding damages. *See Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 437 (S.D.N.Y. 2012) (Engelmayer, J.) ("For the purpose of awarding damages, . . . sunglasses are considered a single type of good."); *Oakley, Inc. v. Ly*, No. 20 Civ. 1414, 2021 WL 3206320, at *3 (D. Colo. July 29, 2021) ("The Court is dubious that a single pair of glasses constitutes three separate types of goods due to its [frame, lens, and tag] components . . . [and] concludes that a pair of sunglasses constitutes a single type of good."); *cf. Square D Co. v. Breakers Unlimited, Inc.*, No. 07 Civ. 806, 2010 WL 381334, at *3 (S.D. Ind. Jan. 25, 2010) ("The fact that [defendant] obtained counterfeit [products] from two different suppliers and that the suppliers used different types of packaging does not transform them into different types of goods."). Of the $1,350,000 in damages, $900,000 is awarded to Luxottica Group and $450,000 is awarded to Oakley.

3. Plaintiffs are awarded post-judgment interest on the full amount of this Judgment pursuant to 28 U.S.C. § 1961, calculated from the date of entry of this Judgment until paid.

4. Plaintiffs may file a bill of costs in accordance with Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54.1.

5. Plaintiffs shall serve a copy of this Judgment on defendant by first-class mail at 12011 Boker Court, Apartment 2FL, College Point, New York 11356, within seven days of its entry, and shall promptly file proof of such service.

6. The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: November 4, 2026
New York, New York